(83 App. Div. 322.)

### McGOUGH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. MUNICIPAL CORPORATIONS—OFFICERS—FIRE MARSHAL—APPOINTMENT—COMPENSATION.

After the removal of an assistant fire marshal in the New York fire department, plaintiff addressed a letter to the fire commissioners, stating that, if he was appointed to such position, he agreed to waive all claim for services if the person removed should be restored by order of court. Plaintiff was thereafter appointed by an order of the fire commissioners, which did not refer to his letter, but which provided that it was to take effect from July 1, 1900, and that the appointment was without compensation until otherwise ordered. The proceedings brought by the removed officer for reinstatement were unsuccessful, and on May 16, 1901, the commissioners fixed plaintiff's salary at $1,500 per annum, to take effect from May 1, 1901. It did not appear that such position was created by statute, or that a salary was attached thereto. *Held*, that plaintiff was not entitled to recover compensation for the time he served between July 1, 1900, and the date his salary was fixed by the commissioners.

Appeal from Special Term, New York County.

Action by John McGough against the city of New York. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Theodore Connely, for appellant.

A. S. Gilbert, for respondent.

INGRAHAM, J.    The plaintiff brings this action to recover compensation as assistant fire marshal from the 30th of June, 1900, to the 1st of May, 1901.    The complaint alleges that at the times therein mentioned there was "a place, office, or position in the fire department of the city of New York" known as "Assistant Fire Marshal," whose duties were to assist, as might be necessary, the fire marshal in the fire department of the city of New York in the performance of his duties, as specified and designated in the charter of the city of New York; that on the 30th day of June, 1900, the plaintiff addressed and delivered to the fire commissioners an instrument signed by him, in which he stated that "in the event of my appointment by you as one of the assistant fire marshals in the fire department of the city of New York, boroughs of Manhattan and the Bronx, I agree to waive all claim against you for salary or compensation for my service in such capacity in the event that Joseph M. F. Otis who was removed by you on the 7th day of May, 1900, from the position of assistant fire marshal upon charges of attempted blackmail, should be restored to said position by an order from the court"; that after the delivery of this communication, and on the same day, the plaintiff received an appointment from the fire commissioner, of which the following is a copy:

"Special Orders No. 70. [Extract] * * *

"John McGough is hereby appointed as assistant fire marshal, borough of Manhattan and Bronx, in this department, without compensation until otherwise ordered, to take effect from July 1, 1900.

"By order of

"J. J. Scannell, Commissioner.

"August T. Docharty, Secretary."

——That on July 1, 1900, the plaintiff entered upon the performance of his duties as assistant fire marshal, and continuously performed said duties until a date subsequent to July 1, 1901; that on May 16, 1901, there was delivered to the plaintiff what is called "Special Orders No. 60," by which it was ordered "that said John McGough be paid a salary at the rate of fifteen hundred (1,500⁰⁰/₁₀₀) dollars per annum, from May 1, 1901"; that from July 1, 1900, until May 1, 1901, the plaintiff actually performed services as assistant fire marshal; that Joseph F. Otis has not recovered any salary or compensation from either the defendant or from John J. Scannell, as fire commissioner, and that the proceedings brought by said Otis for reinstatement resulted unsuccessfully to said Otis; that the plaintiff has not received any compensation whatever for the services rendered by him from the 1st day of July, 1900, until the 1st day of May, 1901.    To this complaint the defendant demurred upon the ground that it does not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court below, and the defendant appeals.

While the complaint alleges that there was a "place, office, or position in the fire department of the city of New York, established and scheduled by the municipal civil service commission of the city of New York, and included in Schedule F, known as 'Assistant Fire Marshal,'" there is no allegation that to that position there was any salary attached by law or by the municipal authorities; and we are referred to no statute that creates this position, or that fixes a salary to which the

occupant of the position is entitled.  Upon these allegations the plaintiff would be simply an employé of the department, entitled to receive the compensation fixed by the commissioner.  I know, however, of no rule which prevents a person accepting an appointment to such a position in one of the departments of the city from agreeing to serve, either without compensation, or at a compensation fixed by the commissioner at the time of the employment.  This appointment accepted by the plaintiff, and under which he became an employé of the city, provided that the plaintiff should serve "without compensation until otherwise ordered."   There is nothing in the appointment which connects it with the letter written to the commissioner, or that makes his right to compensation in any way depend upon the failure of Otis to obtain a reinstatement to the position from which he had been removed; and I can see no reason why this plaintiff, if he so agreed, should not work for the city without compensation until such time as the commissioner should provide that he should be paid for his services.  If, when the plaintiff was appointed, his compensation had been fixed at $100 a year, and subsequently the commissioner, by an order, had increased his salary, it could hardly be claimed, I think, that he could recover the sum that the commissioner had subsequently fixed as the compensation that he was to receive in the future; and if he was appointed upon condition that he was not to receive compensation, and accepted the appointment upon that condition, I can see no reason why he should not be bound thereby.  Subsequently the commissioner did fix the compensation that the plaintiff was to receive in the future, but that order made no provision for compensation to be paid for the services rendered before May 1, 1901.  If this employment had been by a private corporation, and had been accepted by an employé upon the condition expressed in the order appointing the plaintiff, and had been acted on until the corporation saw fit to fix the amount that the employé was to receive in the future, there could be no question but that the condition under which the employé accepted the employment would control, and until compensation was fixed he would not be entitled to recover.  I can see no reason why the same rule should not apply to a municipal corporation in relation to the services of an employé.  The commissioner had express power, by the charter (section 1543, c. 378, p. 541, 3 Laws 1897), to fix the compensation of the employés of the department, and his order fixing such compensation was binding on the plaintiff.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs; the plaintiff to have leave to amend the complaint upon the payment of the costs of this court and the court below.  All concur.

LAUGHLIN, J.  I fully concur with Mr. Justice INGRAHAM, but am also of opinion that the plaintiff was not entitled to recover for another reason.  At the time he was appointed without pay, he was not entitled to the position as matter of right.  It does not appear that the fire commissioner was obligated to fill the position at that time; and, even if he were, he was not confined to appointing the plaintiff, but was entitled to have additional names certified by the

municipal civil service commission, and to make his selection there-from. The plaintiff, in order to insure his own selection, offered to take the position without holding the fire commissioner responsible for his salary, and the commissioner consented to his appointment upon the understanding that the city even was not to be obliged to pay for his services until a permanent appointment should be made. In this manner the plaintiff obtained the position, and thus insured his right to a permanent appointment when one should be made.

ROCKEY v. FIREMEN'S INS. CO. OF NEWARK.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. INSURANCE—LOSS—EVIDENCE.
    Plaintiff is not concluded by his written statement made to defendant after the fire as to the articles on the floor covered by defendant's policy; he testifying that, when his attention was more particularly called to it, he remembered seeing other articles there.

2. SAME.
    Plaintiff cannot recover insurance on the basis of a loss of $2,000, the actual values of the articles, taking his highest figures, aggregating only $1,400, though he placed the cost price at over $2,000, and another stated he considered the value of the goods as all of $2,000; the facts on which this conclusion was based not being set forth, other than that he said he had known of the goods before they were placed in storage.

Appeal from Trial Term, New York County.

Action by Walter S. Rockey against the Firemen's Insurance Company of Newark. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Modified.

The action was brought to recover for loss by fire of plaintiff's drug-store fixtures, which he had stored at No. 154 Bank street, and which were totally destroyed by fire of January 1, 1892. The goods were insured in four differ-ent companies to the extent of $500 in each. The defendant's policy of in-surance provided that this amount should be paid for loss of furniture and fixtures of the plaintiff "while stored on the grade floor of * * * No. 154 Bank street." During the negotiations for settlement, this clause was ap-parently lost sight of, and the plaintiff expected to receive and the defendant to pay for loss on all the goods stored in the building, the value of which was considerably above $2,000. An offer of settlement was made of $1,500, and rejected. During these negotiations the defendant requested the plaintiff to give a written statement of the articles on the grade floor, with the result that Mr. Fischer, the owner of the storage place, signed for the plaintiff a letter, dated February 4, 1902, duly sworn to, stating: "The following goods or fixtures were on the ground floor January 1st, 1902, just before the fire. One large ice box, one large cigar case round corner in shape of an L. All other goods or fixtures were upstairs." Upon the trial the plaintiff testified that he had written this letter for Mr. Fischer to sign, and at the time thought it was true, but he remembered since seeing part of the onyx of the soda-water fountain lying around the ground floor after the fire. His testimony is: "I saw pieces of onyx lying around that belonged to the soda-water fountain; also a refrigerator—part of the refrigerator and part of the L-shaped cigar case. The cost value of the soda fountain was $1,800—a trifle more. * * * It being secondhand, it was in the neighborhood— Well, I should judge, $1,000—$900, say. It was about a year and a half old. I saw part of the soda-water fountain on the grade floor, lying all over. I did not

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1359.